# Court of Appeals
# of the State of Georgia

ATLANTA,  August 14, 2026

*The Court of Appeals hereby passes the following order:*

## A27A0013. JAMES L. WORKS v. THE STATE.

In 2018, a jury found James L. Works guilty of three counts each of rape and aggravated assault, two counts of aggravated sodomy, and several related crimes. The trial court sentenced him to life plus 15 years' imprisonment. This Court affirmed the judgment on direct appeal. *Works v. State*, Case No. A20A0586 (decided June 22, 2020).[1] On July 6, 2026, Works filed in the trial court a motion for leave to file an out-of-time motion for a new trial, pursuant to OCGA § 5-6-39.1. On July 8, 2026, the trial court denied that motion and Works filed a timely notice of appeal. We, however, lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows for defendants to seek out-of-time relief if (a) the defendant moves for leave to file an out-of-time motion for new trial or notice of

---

[1] This is Works' sixth appearance in this Court. In Works' previous appeals, we affirmed the denial of his motion in arrest of judgment, see Case No. A22A0747 (May 9, 2022), dismissed his appeal from an order denying his motion to set aside and his motion for an out-of-time appeal from that order, see Case No. A25A1652 (July 7, 2025) and Case No. A26A0613 (Dec. 1, 2025), and we dismissed as untimely his appeal from the dismissal of his motion for out-of-time motion for new trial. See Case No. A26A1876 (June 22, 2026).

appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (b) the defendant had an out-of-time motion for new trial or appeal dismissed under *Cook* and the renewed motion for out-of-time motion for new trial or notice of appeal is filed by June 30, 2026. OCGA § 5-6-39.1.

The provisions of OCGA § 5-6-39.1 do not apply to Works, as he did not move for leave to file an out-of-time motion for new trial within 100 days from the expiration of the time period for the filing of such motion, nor did he have an out-of-time motion for new trial or appeal dismissed under *Cook*. Moreover, Works has already had a direct appeal of his conviction, and therefore he is not entitled to a second such appeal. See *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) ("[T]here is no right to directly appeal the denial of a motion for out-of-time appeal filed by a criminal defendant whose conviction has been affirmed on direct appeal."); *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal").

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/14/2026_____

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*